# EXHIBIT A

## INDEX OF STATE COURT DOCUMENTS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JUSTIN CARRASCO and<br>TAYLOR DAVIS,<br><br>    Plaintiffs,<br><br>v.<br><br>AUTOFLEX LEASING—DALLAS I,<br>LLC d/b/a AUTOFLEX LEASING and<br>TEXAS TRUST CREDIT UNION,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.  3:20-CV-2895 |

## EXHIBIT A TO NOTICE OF REMOVAL
## INDEX OF DOCUMENTS FILED IN STATE COURT

| DATE | DOCUMENT | PAGES | EXHIBIT |
|---|---|---|---|
| N/A | **Docket Sheet of State Court Lawsuit** | **APP. NO. 3 - APP. NO. 5** | **A-1** |
| **August 21, 2020** | **Plaintiffs' Original Petition and Request for Disclosure ("Complaint")** | **APP. NO. 6 - APP. NO. 19** | **A-2** |
| **August 25, 2020** | **Letter Correspondence issued by Court regarding dismissal docket** | **APP. NO. 20** | **A-3** |
| **Augustr 28, 2020** | **TEX. R. CIV. P. 11 letter agreement accepting service signed by counsel** | **APP. NO. 21 - APP. NO. 24** | **A-4** |

Dated:  September 18, 2020                    Respectfully submitted,


                                        By: /s/ Benton Williams II
                                            BENTON WILLIAMS II
                                            Texas Bar No. 24070854

                                            100 Crescent Court, Suite 700
                                            Dallas, Texas 75201
                                            Telephone: (214) 785-6205
                                            Facsimile: (214) 785-6485
                                            BW@bentonwilliamspllc.com

                                            *Attorney for Autoflex  Leasing—Dallas
                                            I, LLC d/b/a Autoflex Leasing*

## Case Information

CC-20-03714-E | JUSTIN CARRASCO, TAYLOR DAVIS vs. AUTOFLEX LEASING -- DALLAS I LLC, D/B/A AUTOFLEX LEASING, TEXAS TRUST CREDIT UNION

| Case Number | Court | Judicial Officer |
|---|---|---|
| CC-20-03714-E | County Court at Law No. 5 | GREENBERG, MARK |
| File Date | Case Type | Case Status |
| 08/21/2020 | DEBT/CONTRACT | OPEN |

## Party

PLAINTIFF
CARRASCO, JUSTIN

Active Attorneys ▾
Lead Attorney
SCOTT, R DOUGLAS
Retained

PLAINTIFF
DAVIS, TAYLOR

Active Attorneys ▾
Lead Attorney
SCOTT, R DOUGLAS
Retained

DEFENDANT
AUTOFLEX LEASING -- DALLAS I LLC, D/B/A AUTOFLEX LEASING

Address
558 S. CENTRAL EXPRESSWAY
RICHARDSON TX 75080

DEFENDANT
TEXAS TRUST CREDIT UNION

Address
P.O. BOX 2260
MANSFIELD TX 76063-0047

APP. 3

## Events and Hearings

| |
|---|
| 08/21/2020 NEW CASE FILED (OCA) |

08/21/2020 ORIGINAL PETITION ▼

PLAINTIFFS ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Comment
PLAINTIFFS ORIGINAL PETITION AND REQUEST FOR DISCLOSURE -NO CITATION NEEDED AT THIS
TIME -MB

08/28/2020 RULE 11 AGREEMENT ▼

RULE 11 AGREEMENT REGARDING SERVICE

Comment
REGARDING SERVICE TO PARTIES

11/23/2020 DISMISSAL HEARING ▼

1 CCL#5 Y LETTER

Judicial Officer
GREENBERG, MARK

Hearing Time
9:00 AM

## Financial

CARRASCO, JUSTIN

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $277.00 |
| Total Payments and Credits | | | | $277.00 |

| | | | | |
|---|---|---|---|---|
| 8/24/2020 | Transaction Assessment | | | $277.00 |
| 8/24/2020 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2020-09236 | CARRASCO, JUSTIN | ($277.00) |

## Documents

PLAINTIFFS ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

1 CCL#5 Y LETTER

APP. 4

RULE 11 AGREEMENT REGARDING SERVICE      EXHIBIT

Case 3:20-cv-02895-C    Document 1-1    Filed 09/18/20     Page 6 of 25    PageID 17

**APP. 5**

FILED
8/21/2020 5:16 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

EXHIBIT A-2
Case 3:20-cv-02895-C   Document 1-1   Filed 09/18/20   Page 7 of 25   PageID 18

CAUSE NO. _____
CC-20-03714-E

| | | |
|---|---|---|
| **JUSTIN CARRASCO and** | § | **IN THE COUNTY COURT** |
| **TAYLOR DAVIS,** | § | |
| **Plaintiffs** | § | |
| | § | |
| **V.** | § | **AT LAW NO. _____** |
| | § | |
| **AUTOFLEX LEASING – DALLAS I LLC,** | § | |
| **d/b/a AUTOFLEX LEASING, and** | § | |
| **TEXAS TRUST CREDIT UNION,** | § | |
| **Defendants** | § | **DALLAS COUNTY, TEXAS** |

<u>**PLAINTIFFS' ORIGINAL PETITION**</u>
**and**
<u>**REQUEST FOR DISCLOSURE**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JUSTIN CARRASCO and TAYLOR DAVIS, Plaintiffs in the above entitled and numbered cause, and file this, their Original Petition and Request for Disclosure, complaining of Defendants AUTOFLEX LEASING – DALLAS I LLC, d/b/a AUTOFLEX LEASING, and TEXAS TRUST CREDIT UNION, and for good cause would show unto the Court as follows:

### A.  <u>Discovery Control Plan</u>

1.  Plaintiffs intend that discovery be conducted under Level 2, and affirmatively plead that this suit is not governed by the expedited-actions process of Rule 169 of the Texas Rules of Civil Procedure.  The Plaintiffs seek monetary relief greater than $100,000 but less than $200,000.

2.  Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

### B.  <u>Parties</u>

3.  Plaintiffs JUSTIN CARRASCO and TAYLOR DAVIS are individual residents of the State of Texas.

4.  Defendant AUTOFLEX LEASING – DALLAS I LLC, d/b/a AUTOFLEX LEASING is a domestic limited liability company organized and existing under the laws of the State of Texas.  Defendant operates a sales lot located in Dallas County.  Plaintiffs have made arrangements for

Defendant's attorney to accept service of process on its behalf, therefore no citation is needed at this time.

5.   Defendant TEXAS TRUST CREDIT UNION is a domestic financial institution organized and existing under the laws of the State of Texas.  Plaintiffs have made arrangements for Defendant's attorney to accept service of process on its behalf, therefore no citation is needed at this time.

## C.  Jurisdiction

6.   The Court has subject matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

7.   The Court has personal jurisdiction over Defendants as Defendants conduct business in the State of Texas.

## D.  Venue

8.   Venue is proper in Dallas County under Texas Civil Practice and Remedies Code section 15.002 because all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County.

## E.  Conditions Precedent

9.   All conditions precedent have occurred.

10.   On May 21, 2020, Plaintiffs, through their attorney, sent Defendants a pre-suit notice letter pursuant to §17.505(a) of the Texas Deceptive Trade Practices – Consumer Protection Act (hereinafter, the "DTPA").   The letter advised the Defendants of Plaintiffs' complaints and damages.

## F.  Vicarious Liability

11.   At all times relevant to the events giving rise to this lawsuit, Defendants  acted through their agents and are therefore liable for such actions pursuant to vicarious liability principles. Whenever it is stated herein that Defendants engaged in any act or omission, the statement includes the acts or omissions by Defendants, their principals, agents, employees, representatives, and others with actual or apparent authority to act on behalf of and bind Defendants.

### G. Facts

12.   On or about January 10, 2020, Justin Carrasco purchased a 2019 BMW Series 430, VIN No. WBA4W3C57KAF92003 (hereinafter referred to as "the Vehicle") from Autoflex Leasing for $42,545.74.  Mr. Carrasco paid $11,600 cash down, and financed the remainder of the purchase through Capitol One Auto Finance.   Taylor Davis signed all of the documentation alongside of Mr. Carrasco has his co-buyer.  It was represented to Mr. Carrasco and Ms. Davis in writing that the paperwork they were signing was the actual final sales documentation, that Mr. Carrasco was the buyer, Ms. Davis was the co-buyer, and Capital One was the lender.

13.   What Mr. Carrasco and Ms. Davis did not realize is that the dealership was creating a second set of documentation in which Ms. Davis was the buyer, Mr. Carrasco was not even included on the purchase, and Texas Trust Credit Union was the lender.  Despite the fact that Ms. Davis was the purported buyer on the second set of documentation, the account with Texas Trust was set up in Mr. Carrasco's name.  After the first set of documentation were signed, and the deal was completed, the dealership handed Mr. Carrasco the keys to the Vehicle and congratulated him on his purchase.  The insurance that was purchased on the Vehicle was purchased in Mr. Carrasco's name, and is included as the insurance on the Vehicle in the sales paperwork.

14.   The second set of documentation, which appears to have been created by the dealership on January 14, 2020, four days after the purchase was complete, includes several instances of tampering, including Ms. Davis' signature being added to documents that she did not sign. Mr. Carrasco's email was marked out on the "Your Voice Counts" form.  The credit application created by Autoflex Leasing for Ms. Davis after the fact includes false information that appears to have been created out of whole cloth.  The "references" page for the purchase of the Vehicle includes Mr. Carrasco's references in his handwriting.

15.   Texas Trust appears to have participated in the fraud, as the account that it set up for the Vehicle is in Mr. Carrasco's name.  All payments that were accepted by Texas Trust came from Mr. Carrasco.  Knowing that Mr. Carrasco is the true owner of this Vehicle, however, has not stopped Texas Trust from inexplicably and wrongfully representing to Mr. Carrasco that if he drove the Vehicle then it will repossess the Vehicle from him.  On April 13, 2020, Texas Trust told Mr. Carrasco and Ms. Davis that they were breaking the law by having Mr. Carrasco drive the Vehicle, and further that it was coming to repossess the Vehicle on that day at 4:00 because Ms. Davis had broken her contract with them.

16.   Inexplicably, on May 29, 2020, five months after the sale, AutoFlex Leasing began running Mr. Carrasco and Ms. Davis' credit again, without an authorized purpose or their permission.  This appears to be in retaliation for Plaintiffs hiring and attorney and serving it with their DTPA demand letter.

## H.  Deceptive Trade Practices Act

17.   The DTPA is a consumer protection statute designed to protect against false and misleading business practices. Where the plaintiff meets the definition of a 'consumer' under the Act, the defendant violates the Act, and the defendant's actions are a producing cause of the consumer's damages, the DTPA allows a claim. At all times relevant to the events giving rise to this lawsuit, Plaintiffs were 'consumers' as defined under the DTPA § 17.45(4) because they acquired goods and services from Defendant.

18.   Defendant AutoFlex Leasing, through its actions above, misrepresented to Mr. Carrasco that he would be the purchaser of the Vehicle, to Ms. Davis that she was the co-buyer on the Vehicle, that Santander was the lender, and that the paperwork that they were signing was, in fact, the paperwork that formed the basis of their agreement.  Defendant AutoFlex Leasing, therefore, has violated:

- the DTPA § 17.46(b)(2) which prohibits causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;
- the DTPA § 17.46(b)(3) which prohibits causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;
- the DTPA § 17.46(b)(5) which prohibits representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;
- the DTPA § 17.46(b)(7) which prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or mode, if they are of another;
- the DTPA § 17.46(b)(24) which prohibits failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to

disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and

- the DTPA § 17.50(a)(3) which provides a cause of action against a person who engages in an unconscionable action or course of action, defined as an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree.

19.   The Dealership committed the actions described herein intentionally because it had actual awareness that its statements and representations were false and because the Dealership knew that Plaintiffs would not have agreed to purchase the Vehicle if not for making them. Accordingly, the Dealership is liable for three times Plaintiffs' economic damages pursuant to the DTPA §17.50(b). Further, Plaintiffs are entitled to recover mental anguish damages plus additional damages of three times the amount of mental anguish damages, as Defendant intentionally violated the DTPA pursuant to Tex.Bus.& Com.Code §17.50(b)(1).

## I. <u>Fraud</u>

20.   A party is liable for fraudulent misrepresentation if they make a material and false representation, either knowing the representation is false or making it recklessly without regard to its truth, with the intent that the victim rely upon the representation, which the victim actually does rely upon and suffers injury as a result.

21.   Defendants, through their actions above, misrepresented to Plaintiffs the status of the financing for the Vehicle at the time of sale, including who the purchaser was.   These representations were false and were made with the intent that Plaintiffs rely on them. Defendants knew that Plaintiffs were relying upon their description of the financing for the Vehicle when they were making their decisions. Plaintiffs actually relied upon Defendants' statements and representations. They suffered actual damages, pain and suffering, and mental anguish.

22.   Defendants made these statements and representations with fraudulent intent, malice, and/or gross negligence because they knew that they were false and that Plaintiffs relied upon them. Therefore, Defendants are liable for exemplary damages pursuant to the Texas Damages Act, TEX. CIV. PRACT. & REM CODE §§ 41.001-41.014.

## J.  Fraud by Nondisclosure

23.  Defendants concealed from or failed to disclose certain facts to the Plaintiffs. Defendants misrepresented to Plaintiffs who the purchaser of the Vehicle was, who the co-buyer on the Vehicle would be, and who would be providing the financing on the Vehicle. Defendants, instead of communicating that information to Plaintiffs, attempted to hide that information in order to complete the sale of the Vehicle to Plaintiffs.

24. Defendants had a duty to disclose this information as Plaintiffs and Defendants had a special relationship which required said disclosure. The information that Defendants were failing to disclose to Plaintiffs about the financing for Vehicle was material. Defendants knew that Plaintiffs were ignorant of who the purchaser of the Vehicle was, who the co-buyer on the Vehicle would be, and who would be providing the financing on the Vehicle, and that Plaintiffs did not have an equal opportunity to discover that information because Defendants were preparing false documentation for Plaintiffs to sign that obfuscated that information.

25.  Defendants were deliberately silent when they had a duty to speak. By failing to disclose these facts to Plaintiffs, Defendants intended to induce Plaintiffs to purchase the Vehicle. Plaintiffs relied on Defendants' nondisclosure to their detriment. Plaintiffs were injured as a result of acting without the knowledge of the undisclosed facts, for which Plaintiffs seek recovery of in this suit.

## K.  Negligence

26.  Negligence is failing to do something that a reasonable and prudent person would do, or doing something which a reasonable or prudent person would not do. The higher level of experience, education, and skills of the employees who work for Defendants brings about a higher degree of care against which actions will be judged. Defendants owed Plaintiffs a duty to use ordinary care in making representations and in ascertaining the accuracy of information given the Plaintiffs. Defendants breached that duty and did not exercise the same standard of care as what a professional of ordinary prudence in that particular field would have done under the same or similar circumstances.

27.  Defendants' breach of that duty proximately caused Plaintiffs' injuries. Defendants did not exercise ordinary care when they misrepresented to Plaintiffs who the purchaser of the Vehicle was, who the co-buyer on the Vehicle would be, and who would be providing the financing

on the Vehicle.   A person of ordinary intelligence could have anticipated the problems created by the negligent acts and omissions on the part of Defendants.  As a result of Defendants' actions, Plaintiffs have suffered damages, for which they seek reimbursement for in this suit.

### L.  Negligent Misrepresentation

28.   Defendants made misrepresentations by nondisclosure to Plaintiffs in the course of Defendants' business and/or in a transaction in which Defendants had an interest.  Defendants misrepresented to Plaintiffs who the purchaser of the Vehicle was, who the co-buyer on the Vehicle would be, and who would be providing the financing on the Vehicle.  Defendants, instead of communicating that information to Plaintiffs, attempted to hide that information in order to complete the sale of the Vehicle to Plaintiffs.

29.   Defendants did not exercise reasonable care or competence in obtaining or communicating the above information.   Plaintiffs justifiably relied on the representations. Defendants' negligent misrepresentations proximately caused the Plaintiffs' injuries, for which Plaintiffs seek recovery of in this suit.

### M.  Violations of the Fair Credit Reporting Act

30.   Defendant AutoFlex Leasing negligently failed to comply with the requirements imposed on it under the Fair Credit Reporting Act with respect to Plaintiffs when it impermissibly pulled Plaintiffs credit in May, 2020.  Without limit, Defendant AutoFlex Leasing violated the sections listed below.

31.   Defendant AutoFlex Leasing violated 15 U.S.C. §1681b(f) which prohibits the use of a consumer report for any purpose unless (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report.

32.   The "permissible purposes" for which a consumer report are authorized are set out in 15 U.S.C. §1681b, which, in relevant part, generally limits disclosure of a consumer report unless authorized in writing by the consumer or in connection with a credit transaction involving the consumer.

33.   Defendant AutoFlex Leasing further violated 15 U.S.C. §1681q which prohibits obtaining a consumer's credit information under false pretenses.

34.  Defendant AutoFlex Leasing is liable to Plaintiffs for damages, attorney's fees, and costs under 15 U.S.C. §1681n.

### N.  Invasion of Privacy

35.   Defendant AutoFlex Leasing intentionally interfered, physically or otherwise, with Plaintiffs' solitude, seclusion and/or private concerns or affairs.

36.  Defendant AutoFlex Leasing intentionally caused harm to Plaintiffs' emotional well-being by engaging in highly offensive conduct in the course of inquiring into their credit files.

37.  Plaintiffs had a reasonable expectation of privacy in their solitude, seclusion, and/or private concerns or affairs.

38.  The intrusion by Defendant AutoFlex Leasing occurred in a way that would be highly offensive to a reasonable person in that position.

39.   Defendant AutoFlex Leasing acted in a tortious, knowing, intentional and willful manner or in conscious disregard of the rights of Plaintiffs.  Defendant AutoFlex Leasing had full knowledge or should have known of the damage that this failure would cause.  Plaintiffs allege that Defendant AutoFlex Leasing is guilty of malice, fraud, oppression, and that they should recover, in additional to actual damages, damages to make an example of and punish it.

### O.  Violations of the Texas Debt Collection Act

40.   The Texas Debt Collection Act, Tex.Fin.Code §§392.001-392.404 (hereinafter referred to as the "TDCA"), is a statute designed to protect consumers from harassment, false threats and unfair practices by creditors and debt collectors.

41.  The events giving rise to this lawsuit resulted in a "consumer debt" as contemplated by the TDCA §392.001(2) because Plaintiffs sought to purchase a vehicle for personal, family, or household purposes and engaged in a transaction with Defendants to that end.  At all times relevant to the claims made herein, Defendants were "creditors" as defined under the TDCA §392.001(3) because it was a party to the car sale transaction.

42. The TDCA §§392.001(5) and (6), respectively, define "debt collector" as a person who directly or indirectly engages in "debt collection," which means an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor. At all times relevant to the claims made herein, Defendants were "debt collectors" and engaged in

"debt collection" under the TDCA because the Defendant sought to collect from Plaintiff alleged amounts owed resulting from the car sales transaction.

43.  Through its actions above, Defendants violated the Texas Debt Collection Act sections:

a.  TDCA §392.301(a)(7), threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper court proceedings; and

b.  TDCA §392.301(a)(8), threatening to take an action prohibited by law.

44.  By virtue of the TDCA §392.404(a), a violation of the TDCA is considered a deceptive trade practice under the DTPA. Therefore, Defendants' actions in violating the TDCA are actionable by and through the DTPA.  Plaintiffs suffered actual damages as a result of Defendants' violations of the TDCA, and Defendants are liable for these damages.


## P.  Conspiracy

45.  Defendants conspired together in order to defraud Plaintiffs into the purchase of the Vehicle.  Defendants had a meeting of the minds about the object of their conspiracy, which was to misrepresent the Vehicle as being sold to Mr. Carrasco with Ms. Davis being the co-buyer and Santander as the lender.  Defendants disguised the paperwork that they were having Plaintiffs sign in order to further the ruse in order to get Plaintiffs to purchase the Vehicle from AutoFlex Leasing. AutoFlex Leasing overtly defrauded Plaintiffs in order to induce them into the transaction with Texas Trust.  Plaintiffs suffered injury as a proximate result of the wrongful act.


## Q.  The Holder Rule

46.  The Federal Trade Commission (FTC) designed 16 CFR §433.2 (hereinafter the "Holder Rule") to prevent the widespread use of credit terms which compel consumers to pay a creditor even if the seller's conduct would not entitled the seller to be paid.  41 Fed.Reg. 20,022 (1976)(to be codified at 16 C.F.R. §433.2).  The Rule preserves the consumer's legally sufficient claims and defenses so that they may be asserted to defeat or diminish the right of a creditor to be paid, where the seller who arranges financing for a buyer fails to keep his side of the bargain.  *Id.* at 20,023.  The FTC rules states the following:

§433.2  Preservation of consumers' claims and defenses, unfair or deceptive acts or practices.

47.  In connection with any sale or lease of goods or services to consumers, in or affecting commerce as "commerce" is defined in the Federal Trade Commission Act, it is an unfair or deceptive act or practice within the means of section 5 of that Act for a seller, directly or indirectly, to:

(b)  Accept, as full or partial payment for such sale or lease, the proceeds of any purchase money loan, unless any consumer credit contract made in connection with such purchase money loan contains the following provision in at least ten-point, bold face, type:

> ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF.  RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED THE AMOUNTS PAID BY THE DEBTOR HEREUNDER.

16 C.F.R. §433.2.

48.  The FTC also calls our attention to the following:  "There is an important limitation on the creditor's liability.  The wording of the Notice includes the sentence 'Recovery hereunder by the debtor shall be limited to amounts paid by the debtor hereunder.'  This limits the consumer to a refund of monies paid under the contract, in the event that an affirmative money recovery is sought.  In other words, the consumer may assert, by way of claim or defense, a right not to pay all or part of the outstanding balance owed the creditor under the contract; but the consumer will not be entitled to receive from the creditor an affirmative recovery which exceeds the amounts of money the consumer has paid in."  41 Fed.Reg. 20,022, 20,023 (1976)(to be codified at 16 C.F.R. §433.2).

49.  In drafting the FTC rule, the FTC concluded that the holder in due course doctrine was often used by a merchant to gain an advantage in a consumer transaction.  *See The New FTC Trade Regulation Rule on Holder in Due Course*, 13 Hous. L. Rev. 789, 790 (1976).  A merchant engaged in unethical and disreputable sales practices to establish and maintain his place in the market would use the doctrine as a shield despite the existence of continual beaches of warranty and contract on his part.  *Id.* at 790.  A typical situation found by the Commission was as follows:  (1) the execution by the consumer of a promissory note or waiver of defense and subsequent negotiation or assignment of the contract by the seller to a third party financier; (2) seller misconduct in the

transaction between seller and consumer – that is, an infirmity in the original sale or the development of a fault or defect following the sale; (3) failure of the seller to remedy the defect or otherwise deal with the complaint of the consumer either through absolute unwillingness on the part of the seller or due to the seller's disappearance from the marketplace; (4) interruption in payments by the consumer to the financier; and (5) assertion by the financier of its protected status in order to obtain payment on the obligation.  *Id.* at 790-91.

50.   The purpose of the FTC rule would be to remove the risk from the one party to the transaction who is least able to be compensated for a seller's breach – the consumer.  *Id.* at 791. The Commission found that as between the three parties to the transaction – seller, consumer, and finance company – the finance company was in the best position to protect itself and the consumer by assuming liability.  *Id.*

51.   The FTC rule denies to the holder of the contract the benefits which might otherwise be available to him under the holder in due course doctrine.  *Cooper v. RepublicBank Garland*, 696 S.W.2d 629, 632 (Tex.App. – Dallas 1985, no writ).  The FTC rule prevents the occurrence of which the Federal Trade Commission concluded was an unfair and deceptive trade practice – the separation of a buyer's duty to pay from a seller's duty to perform.  *See* 40 Fed.Reg., 53,506, 53,524 (1975).  The FTC rule places the holder of the contract in the shoes of the seller.  *Cooper,* 696 S.W.2d at 632.  On its face, the FTC rule creates no new claims or defenses that the buyer/ debtor may have against the seller.  The rule "allows the consumer to assert his sale-related claims and defenses against the holder of the credit obligation."  40 Fed.Reg. 53,506, 53,524 (1975).

52.   The aforementioned purpose of the FTC rule was to guard against the very scenario in the case at bar:  (1)  Plaintiffs entered into an agreement with Autoflex Leasing for the purchase of the Vehicle with Texas Trust as the lender; (2)  Autoflex Leasing engaged in misconduct in the transaction, as detailed above; and (3) Autoflex Leasing failed and/or refused to remedy the problem when Plaintiffs brought the problem to their attention.

53.   By placing the assignee in the shoes of the seller, the debtor retains not only the remedy of the assignee's contractual liability, but also may recover for any statutory liability of the seller. The FTC intended the Rule to compel creditors to either absorb the cost of the seller's misconduct or return it to the seller.  40 Fed.Reg. 53,506, 53,524 (1975).  Seller and creditors will be responsible for seller misconduct.  *Id.* at 53,524.  The holder of the paper clearly bears the losses occasioned by the actions of the seller.  Therefore, Plaintiffs request a judgment against Texas

Trust for the amounts already paid towards the indebtedness on the Vehicle, and cancel any further indebtedness owed by Plaintiffs to Texas Trust, if any.

### R. Attorney's Fees

54.  Plaintiffs are entitled to recover their reasonable and necessary attorney's fees incurred in bringing this suit, pursuant to the Deceptive Trade Practices – Consumer Protection Act.

55.  Plaintiffs are further entitled to recover their reasonable and necessary attorney's fees pursuant to Tex.Fin.Code §392.403 due to Defendants' violation of the Texas Debt Collection Act.

56.  Defendants are liable to Plaintiffs for attorney's fees under 15 U.S.C. §1681n.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs ask that the Court issue citations for Defendants to appear and answer, and that Plaintiffs be awarded a judgment against Defendants for the following:

a.  actual damages;

b.  Award Plaintiffs three times the amount of their economic damages pursuant to the DTPA § 17.50(b) and three times the amount of their mental anguish damages DTPA §17.50(b)(1);

c.  Award Plaintiffs exemplary damages for Defendants' fraudulent conduct;

d.  Recission of the sale;

e.  Award Plaintiffs their reasonable and necessary attorney's fees;

f.  Award Plaintiffs their court costs and expenses;

g.  Award Plaintiffs pre-judgment interest;

h.  Award Plaintiffs post-judgment interest; and

i.  Award Plaintiffs all other relief to which they are entitled.

Respectfully submitted,

**Law Offices of Craig Zimmerman**

By:    /s/ R. Douglas Scott
        R. Douglas Scott
        State Bar No. 24002920
        DScott@craigzlaw.com
        3901 Arlington Highlands Blvd., Suite 200
        Arlington, TX 76018
        (817) 695-5075
        Fax: (817) 695-5076

        ATTORNEY FOR PLAINTIFFS

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Robert Scott on behalf of Robert Scott
Bar No. 24002920
dscott@craigzlaw.com
Envelope ID: 45611388
Status as of 8/24/2020 8:46 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Arely Emilio | | aemilio@craigzlaw.com | 8/21/2020 5:16:09 PM | SENT |



**JUDGE MARK GREENBERG**
**COUNTY COURT AT LAW NO. 5**
**GEORGE L ALLEN, SR. COURTS BUILDING**
**600 COMMERCE STREET, 5th FLOOR**
**DALLAS, TEXAS  75202-5792**
**214-653-6503**

Chambers of Mark Greenberg                                                    August 25, 2020

R DOUGLAS SCOTT
THE LAW OFFICES OF CRAIG ZIMMERMAN
3901 ARLINGTON HIGHLANDS BLVD
SUITE 200
ARLINGTON TX  76018


Re:      Cause No        CC-20-03714-E

         Cause Style:     JUSTIN CARRASCO, TAYLOR DAVIS vs. AUTOFLEX LEASING -- DALLAS I
LLC, D/B/A AUTOFLEX LEASING, TEXAS TRUST CREDIT UNION


Dear Attorney:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rule of Civil Procedure,
on: November 23, 2020 **at  9:00 a.m.**

If no answer has been filed, or if the answer filed is insufficient as a matter of law to place any of the facts
alleged in your petition in issue, you will be expected to have moved for, and to have  had heard, a summary
judgment or to have proved up a default judgment on or prior to that date.  Your failure to have done so will
result in the dismissal of the case on the above date.

If an answer has been filed that is sufficient to create a fact issue that prevents disposition of the entire case, or
if you have been unable to obtain service of process, you should plan to notify the court to obtain a reset of the
dismissal date or a trial setting as appropriate.

In no event will live witnesses be required unless the default prove-up is for an un-liquidated claim.
Liquidated claims and attorneys fees may be proved up by affidavit with a form of judgment.

If you should have any questions, please feel free to call us.

                                        Very Truly Yours,


                                        Judge Mark Greenberg
                                        County Court at Law No. 5
                                        Dallas County, Texas

*IF A *JURY DEMAND* IS REQUESTED, IT MUST BE MADE IN WRITING AND SUBMITED WITH **$22.OO** FOR THE JURY
FEES TO: MR. JOHN WARREN, DALLAS COUNTY CLERK, 600 COMMERCE, #101, DALLAS, TEXAS 75202*

**APP. 20**

CAUSE NO. CC-20-03714-E

| | | |
|---|---|---|
| **JUSTIN CARRASCO and** | § | **IN THE COUNTY COURT** |
| **TAYLOR DAVIS,** | § | |
| **Plaintiffs** | § | |
| | § | |
| **V.** | § | **AT LAW NO. 5** |
| | § | |
| **AUTOFLEX LEASING – DALLAS I LLC,** | § | |
| **d/b/a AUTOFLEX LEASING, and** | § | |
| **TEXAS TRUST CREDIT UNION,** | § | |
| **Defendants** | § | **DALLAS COUNTY, TEXAS** |

### RULE 11 AGREEMENT REGARDING SERVICE

Plaintiffs JUSTIN CARRASCO and TAYLOR DAVIS, and Defendants AUTOFLEX LEASING – DALLAS I LLC, d/b/a AUTOFLEX LEASING, and TEXAS TRUST CREDIT UNION file this agreement regarding service of citation of Plaintiffs' Original Petition.

1. The parties agree as follows:

a. Plaintiffs filed their Original Petition in this case on August 21, 2020, and did not request that the Court issue citation;

b. Defendant AUTOFLEX LEASING – DALLAS I LLC, d/b/a AUTOFLEX LEASING is represented by attorney Benton Williams in this case. Mr. Williams agrees to accept service of process on behalf of his client and waives the formal issuance of citation;

c. Defendant TEXAS TRUST CREDIT UNION is represented by attorney Matthew Taplett in this case. Mr. Taplett agrees to accept service of process on behalf of his client and waives the formal issuance of citation;

d. Both defendants acknowledge that Plaintiffs' Original Petition has been served on Mr. Williams and Mr. Taplett on August 27, 2020, and that their Answer date for this case is September 21, 2020;

e. All parties acknowledge that by entering into this Agreement, no party is waiving any rights that they may have in this case, including, but not limited to, making a special appearance, request for abatement to send case to arbitration, or removal to federal court.

2.    The attorneys' signatures on this document are evidence of their intent that this document be a Rule 11 Agreement, enforceable upon filing with the Court.

**APPROVED:**

/s/ R. Douglas Scott
R. DOUGLAS SCOTT
State Bar No. 24002920
DScott@craigzlaw.com
Law Offices of Craig Zimmerman
3901 Arlington Highlands Blvd., Suite 200
Arlington, TX 76018
(817) 695-5075
Fax: (817) 695-5076

ATTORNEY FOR PLAINTIFF

BENTON WILLIAMS II
State Bar No. 24070854
Benton.williams@bentonwilliamspllc.com
Benton Williams PLLC
100 Crescent Court, Suite 700
Dallas, TX 75201
(214) 785-6205
Fax:  (214) 785-6485

ATTORNEY FOR DEFENDANT AUTOFLEX LEASING – DALLAS I LLC
d/b/a AUTOFLEX LEASING

MATTHEW T. TAPLETT
State Bar No. 24028026
mtaplett@popehardwicke.com
Pope, Hardwicke, Christie, Schell, Kelly & Taplett, LLP
500 West 7th Street, Suite 600 / Unit 9
Fort Worth, TX 76102-4995
(817) 632-6406
Fax:  (817) 877-4781

ATTORNEY FOR DEFENDANT
TEXAS TRUST CREDIT UNION

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Robert Scott on behalf of Robert Scott
Bar No. 24002920
dscott@craigzlaw.com
Envelope ID: 45780407
Status as of 8/28/2020 11:33 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Arely Emilio | | aemilio@craigzlaw.com | 8/28/2020 10:25:37 AM | SENT |
| Robert Douglas Scott | 24002920 | dscott@craigzlaw.com | 8/28/2020 10:25:37 AM | SENT |
| Matthew Thomas Taplett | 24028026 | mtaplett@popehardwicke.com | 8/28/2020 10:25:37 AM | SENT |
| Robert Florance | 24087520 | rflorance@popehardwicke.com | 8/28/2020 10:25:37 AM | SENT |
| Benton Williams | 24070854 | benton.williams@bentonwilliamspllc.com | 8/28/2020 10:25:37 AM | SENT |